**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SIDDIQ A. ALEEM-X, | : | |
| a/k/a Terrence Watson, | : | |
| | : | Civil Action No. 08-570 (RBK) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| CORRECTIONAL OFFICER | : | |
| EDWARD WESCOTT, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

    Plaintiff pro se
    Siddiq A. Aleem-X
    Sussex Correctional Institution
    Georgetown, Delaware 19947

**KUGLER**, District Judge

    Plaintiff Siddiq A. Aleem-X ("Plaintiff"), a prisoner currently confined at the Sussex Correctional Institution, Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that beginning on April 1, 2008, Correctional Officer Edward Wescott ("Defendant") violated his constitutional rights by verbally assaulting, abusing, threatening, and sexually harassing him on several occasions. (D.I. 2.)  Plaintiff asks that Defendant be fired, that an ombudsman be established within the Delaware Department of Correction ("DOC"), for $1,000 per day for emotional and psychological stress, and protection from future retaliation.

II.  STANDARDS FOR SUA SPONTE DISMISSAL

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the Complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B),

the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, 540 U.S. 544, 127 S.Ct. 2197, 2200 (2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.  A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citations omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  Id. (citations omitted).  Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief.  Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  "[W]ithout some factual allegation in the complaint,

3

a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. However, fantastical or delusional claims that are clearly baseless are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

Every person who, under color of any statute,

4

>    ordinance, regulation, custom, or usage, of any State
>    or Territory . . . subjects, or causes to be subjected,
>    any citizen of the United States or other person within
>    the jurisdiction thereof to the deprivation of any
>    rights, privileges, or immunities secured by the
>    Constitution and laws, shall be liable to the party
>    injured in an action at law, suit in equity, or other
>    proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

Plaintiff alleges that Defendant verbally threatened and abused him. For example, Plaintiff alleges that Defendant cursed and told Plaintiff that if he had a problem with him, Plaintiff could "suck his balls." Defendant then performed a dance apparently demonstrating how Plaintiff could perform this act.

Verbal abuse and harassment does not rise to the level of a constitutional violation. See Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993); see also McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate

inmate's constitutional rights).  Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983.  <u>Collins v. Cundy</u>, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him).

While Defendant's language and actions, if true, are certainly unprofessional, they do not violate Plaintiff's constitutional rights.  Plaintiff's claim is frivolous and fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint must be dismissed as frivolous and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Amendment of the Complaint would be futile.  An appropriate Order follows.

<u>S/Robert B. Kugler</u>
Robert B. Kugler
United States District Judge

Date: November 18, 2008

6